DULSO *v.* BOYLON.

1. GUARANTY—SIGNATURES—EVIDENCE—QUESTION FOR JURY.

Verdict for defendant will not be set aside as against the great weight of the evidence where conflicting evidence presented question as to whether, on sale of vendor's interest in property held by entireties, she signed guaranty of performance of land contract.

2. APPEAL AND ERROR—SIGNATURES.

Supreme Court will not set aside verdict on its own view of signatures where litigants had opportunity to present handwriting experts at trial but did not do so.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 6, 1933. (Docket No. 100, Calendar No. 37,170.) Decided December 19, 1933.

Assumpsit by Joseph H. Dulso against Fannie E. Boylon on a contract of guaranty. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Renihan & Lilly* (*McAllister & McAllister,* of counsel), for plaintiff.

*Dilley & Dilley,* for defendant.

FEAD, J.   For some years defendant's husband built houses, sold them on contract and then sold his vendor's interest.   He made some 25 such sales to plaintiff or members of his family.   Defendant and her husband held title by the entireties and, on conveying to plaintiff, the practice was for both to execute a deed and assignment of contract and also an instrument of guaranty that the land contract would be performed or that they would take back the premises and pay plaintiff the contract sum unpaid.   Defendant's husband died and plaintiff brought this action on a guaranty in connection with the Towne property.   Defendant denied she had executed it.   The jury held with her and she had judgment.

The only question meriting discussion is whether the verdict was against the great weight of the evidence.

Plaintiff's brother, Charles Dulso, who handled the transaction, and his attorney testified positively that defendant had signed the guaranty.   Defendant positively denied it.   After the death of Mr. Boylon, Charles Dulso called on defendant in connection with the transaction.   He claimed the assignment of contract from the Boylons to himself was missing and the purpose of his visit was to get it.   Defendant and her son-in-law testified that Dulso said that Mrs. Boylon had not signed the guaranty and he was there to get her signature.

The record as it stands presented a jury question, resting upon the credibility of witnesses, and justifying the jury in finding either way.   Counsel urge

that a comparison of signatures demonstrates the
injustice of the verdict. The parties had an oppor-
tunity to present handwriting experts at the trial but
did not do so. This court cannot assume the func-
tion of setting aside verdicts on its own view of sig-
natures.

Judgment affirmed, with costs.

McDonald, C. J., and Weadock, Potter, Sharpe,
North, Wiest, and Butzel, JJ., concurred.